UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In Re:

GUIRLENE DUVIGNAUD                              Case No. 8:13-bk-00413-KRM

    Debtor                                         Chapter 7

_____/

Exhibit A

PH # 41361



NO6FL78

# Interest Only<sup>SM</sup> ADJUSTABLE RATE NOTE
(One-Year LIBOR Index (As Published in *The Wall Street Journal*) - Rate Caps)

**THIS NOTE CONTAINS PROVISIONS ALLOWING FOR A CHANGE IN MY FIXED INTEREST RATE TO AN ADJUSTABLE INTEREST RATE AND FOR CHANGES IN MY MONTHLY PAYMENT. THIS NOTE LIMITS THE AMOUNT MY ADJUSTABLE INTEREST RATE CAN CHANGE AT ANY ONE TIME AND THE MAXIMUM RATE I MUST PAY.**

March 07, 2007          TAMPA          FLORIDA
[Date]                  [City]          [State]
          15412 TELFORD SPRING DR, RUSKIN, FLORIDA 33570
                    [Property Address]

**1. BORROWER'S PROMISE TO PAY**

In return for a loan that I have received, I promise to pay U.S. $ $183,100.00 (this amount is called "Principal"), plus interest to the order of Lender. Lender is Universal American Mortgage Company, LLC, a Florida limited liability company. I will make all payments under this Note in the form of cash, check or money order.

I understand that Lender may transfer this Note. Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

**2. INTEREST**

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of 5.875%         %. The interest rate I will pay may change in accordance with Section 4 of this Note.

The interest rate required by this Section 2 and Section 4 of this Note is the rate I will pay both before and after any default described in Section 7(B) of this Note.

**3. PAYMENTS**

  (A) Time and Place of Payments

I will make a payment every month. I will make my monthly payment on the 1st day of each month beginning on May, 2007. This payment will be for interest only for the first    60 months ("Interest Only Period"), and thereafter my payments will consist of Principal and interest. I will make my payments every month until I have paid all of the Principal and interest and any other charges described below that I may owe under this note.

Each monthly payment will be applied as of its scheduled due date, and if the payment includes both Principal and interest it will be applied to interest before Principal. If, on April 01, 2037, I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at 700 NW 107th Avenue 3rd Floor, Miami, FL 33172-3139

or at a different place if required by the Note Holder.

  (B) Amount of My Initial Monthly Payments

Each of my initial monthly payments will be in the amount of U.S. $    896.43 . This amount may change.

  (C) Monthly Payment Changes

Changes in my monthly payment will reflect changes in the unpaid principal of my loan and in the interest rate that I must pay. The Note Holder will determine my new interest rate and the changed amount of my monthly payment in accordance with Section 4 or 5 of this Note.

IOLINFL1.UFF          Page 1 of 5                    Initials
                      ₹ INDEX                        Created: 2/28/03
                                                     Revised: 4/06



 

NO6FL78

4. **ADJUSTABLE INTEREST RATE AND MONTHLY PAYMENT CHANGES**

   **(A) Change Dates**

   The initial fixed interest rate I will pay will change to an adjustable interest rate on the first day of April, 2012, and the adjustable interest rate I will pay may change on that day every 12th month thereafter. The date on which my initial fixed interest rate changes to an adjustable interest rate, and each date on which my adjustable interest rate could change, is called a "Change Date."

   **(B) The Index**

   Beginning with the first Change Date, my adjustable interest rate will be based on an Index. The "Index" is the average of interbank offered rates for one-year U.S. dollar-denominated deposits in the London market (LIBOR), as published in *The Wall Street Journal*. The most recent Index figure available as of the date 45 days before each Change Date is called the "Current Index."

   If the Index is no longer available, the Note Holder will choose a new index that is based upon comparable information. The Note Holder will give me notice of this choice.

   **(C) Calculation of Changes**

   Before each Change Date, the Note Holder will calculate my new interest reate by adding Two and One Quarter percentage points (  2.250 %) to the Current Index. The Note Holder will then round the result of this addition to the nearest one-eighth of one percentage point (0.125%). Subject to the limits stated in Section 4(D) below, this rounded amount will be my new interest rate until the next Change Date.

   **(D) Limits on Interest Rate Changes**

   The interest rate I am required to pay at the first Change Date will not be greater than   10.875 % or less than   2.250 %. Thereafter, my adjustable interest rate will never be increased or decreased on any single Change Date by more than two percentage points from the rate of interest I have been paying for the preceding 12 months. My interest rate will never be greater than   10.875% or less than  2.250 %.

   **(E) Effective Date of Changes**

   My new interest rate will become effective on each Change Date. I will pay the amount of my new monthly payment beginning on the first monthly payment date after the Change Date until the amount of my monthly payment changes again.

   **(F) Notice of Changes**

   Before the effective date of any change in my interest rate and/or monthly payment, the Note Holder will deliver or mail to me a notice of such change. The notice will include information required by law to be given to me and also the title and telephone number of a person who will answer any question I may have regarding the notice.

   **(G) Date of First Principal and Interest Payment**

   The date of my first payment consisting of both Principal and interest on this Note (the "First Principal and Interest Payment Due Date") will be the first monthly payment date after the expiration date of the Interest Only Period.

5. **BORROWER'S RIGHT TO PREPAY**

   I have the right to make payments of Principal at any time before they are due. A prepayment of all of the unpaid principal is known as a "Full prepayment." A prepayment of only part of the unpaid principal is known as a "Partial Prepayment."

   If I make a Partial Prepayment equal to one or more of my monthly payments, my due date may be advanced no more than one month. If I make any other Partial Prepayment, I must still make each later payment as it becomes due and in the same amount. I may make a Full or a Partial Prepayment at any time.

   [X]  If this box is checked, no prepayment penalty will be charged on this loan.

   [ ]  If this box is checked, I have selected a loan which has a prepayment penalty. The Prepayment Penalty Addendum attached hereto and made a part hereof defines the terms of the prepayment penalty. I understand that by agreeing to pay a prepayment penalty I acknowledge that my interest rate and/or fees are lower than they would be without a prepayment penalty.
IOLINFL2.UFF  
FLORIDA Interest Only ADJUSTABLE RATE NOTE- ONE YEAR LIBOR INDEX  
FE-4265(FL) (0603)

Page 2 of 5

Initials ___  
Created: 2/28/03  
Revised: 4/06

 

NO6FL78

### 6. LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me that exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

### 7. BORROWER'S FAILURE TO PAY AS REQUIRED

(A) Late Charges for Overdue Payments

If the Note Holder has not received the full amount of any monthly payment by the end of 15 calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be 5.000 % of my overdue payment of interest, during the period when my payment is interest only, and of principal and interest thereafter. I will pay this late charge promptly but only once on each late payment.

(B) Default

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

(C) Notice of Default

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal that has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

(D) No Waiver By Note Holder

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

(E) Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

### 8. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Unless the Note Holder requires a different method, any notice that must be given to the Note Holder under this Note will be given by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

### 9. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

### 10. WAIVERS

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

IOLINFL3.UFF
FLORIDA Interest Only ADJUSTABLE RATE NOTE- ONE YEAR LIBOR INDEX
FE-4265(FL) (0603)

Page 3 of 5

Initials ___
Created: 2/28/03
Revised: 4/06




NO6FL78

**11. SECURED NOTE**

In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises that I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

**(A) UNTIL MY INITIAL INTEREST RATE CHANGES UNDER THE TERMS STATED ABOVE, UNIFORM COVENANT 18 OF THE SECURITY INSTRUMENT IS DESCRIBED AS FOLLOWS:**

**Transfer of the Property or a Beneficial Interest in Borrower.** As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

**(B) AFTER MY INITIAL INTEREST RATE CHANGES UNDER THE TERMS STATED ABOVE, UNIFORM COVENANT 18 OF THE SECURITY INSTRUMENT DESCRIBED IN SECTION 11(A) ABOVE SHALL THEN CEASE TO BE IN EFFECT, AND UNIFORM COVENANT 18 OF THE SECURITY INSTRUMENT SHALL INSTEAD BE DESCRIBED AS FOLLOWS:**

**Transfer of the Property or a Beneficial Interest in Borrower.** As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law. Lender also shall not exercise this option if: (a) Borrower causes to be submitted to Lender information required by Lender to evaluate the intended transferee as if a new loan were being made to the transferee; and (b) Lender reasonably determines that Lender's security will not be impaired by the loan assumption and that the risk of a breach of any covenant or agreement in this Security Instrument is acceptable to Lender.

To the extent permitted by Applicable Law, Lender may charge a reasonable fee as a condition to Lender's consent to the loan assumption. Lender may also require the transferee to sign an assumption agreement that is acceptable to Lender and that obligates the transferee to keep all the promises and agreements made in the Note and in this Security Instrument. Borrower will continue to be obligated under the Note and this Security Instrument unless Lender releases Borrower in writing.

If Lender exercises the option to require immediate payment in full, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

**12. DOCUMENTARY TAX**

The state documentary tax due on this Note has been paid on the mortgage securing this indebtedness.

IOLINFL4.UFF
FLORIDA Interest Only ADJUSTABLE RATE NOTE- ONE YEAR LIBOR INDEX
FE-4265(FL) (0603)

Page 4 of 5

Initials
Created: 2/28/03
Revised: 4/06

 

NO6FL78

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

I understand that for the Interest Only Period my monthly payments will not reduce the Principal balance on my loan. My monthly payments after the Interest Only Period will consist of both Principal and interest and will be higher unless I have made additional payments to reduce the Principal balance.

_____ (Seal)
GUIRLENE DUVIGNAUD

_____ (Seal)

_____ (Seal)

_____ (Seal)

_____ (Seal)

_____ (Seal)

[Sign Original Only]

IOLINFL5.UFF                                           Page 5 of 5                          Initials ___
FLORIDA Interest Only ADJUSTABLE RATE NOTE- ONE YEAR LIBOR INDEX                            Created: 2/28/03
FE-4265(FL) (0603)                                                                          Revised: 4/06

Pay to the order of
Countrywide Bank, FSB

Without recourse
Universal American Mortgage Company, LLC

*[signature]*

Courtney Preston, Assistant Secretary

PAY TO THE ORDER OF
COUNTRYWIDE HOME LOANS, INC
WITHOUT RECOURSE
COUNTRYWIDE BANK, FSB
BY *[signature]*
LAURIE N. DER
SENIOR VICE PRESIDENT

PAY TO THE ORDER OF
WITHOUT RECOURSE
COUNTRYWIDE HOME LOANS, INC
BY *[signature]*
MICHELE SJOLANDER
EXECUTIVE VICE PRESIDENT